UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:22-CV-00046-GNS-HBB

ATEF M. ATTALLA KIROLLOS and
NABIL N. EIDHA                                                                                                    PLAINTIFFS

VS.

DEOL ROAD CARRIERS, LTD                                                                                 DEFENDANT

## MEMORANDUM OPINION AND ORDER

Before the Court is the motion of Defendant Deol Road Carriers, LTD to compel Plaintiff Atef M. Attalla Kirollos to attend a medical examination pursuant to Fed. R. Civ. P. 35 (DN 15). The Plaintiffs have responded in opposition (DN 16), and Defendant has replied (DN 17), with a correction to the Reply at DN 18.[1]

This case arises from a motor vehicle accident in which Plaintiff Kirollos claims to have sustained neck and left shoulder pain (DN 15 PageID # 51). The Defendant has requested his attendance at a medical examination by Dr. Sean Kaminsky, a board-certified orthopedic surgeon practicing in Hermitage, Tennessee. The Plaintiffs responded to the request with several conditions (DN 15-2). First, they would not provide any documentation for Dr. Kaminsky's review. Second, any paperwork Dr. Kaminsky requires Mr. Kirollos to complete relative to the

---

[1] In their pleadings, both parties have made reference to the office of "Magistrate." No such position exists within the federal judiciary. Over thirty years ago, Congress changed the title "United States Magistrate" to "United States Magistrate Judge." Judicial Improvements Act of 1990, 104 Stat. 5089, Pub. L. No. 101-650, §321 (1990) ("After the enactment of this Act, each United States Magistrate . . . shall be known as a United States Magistrate Judge."). This was intended to reflect the fact that Magistrate Judges are full federal judges. Just as one would not refer to a district judge as "District" or a bankruptcy judge as "Bankruptcy," "magistrate" refers to jurisdiction, not title. While no offense was intended or taken, the correct title is "Magistrate Judge" or simply "Judge."

examination would be provided to Plaintiffs' counsel for review at least two weeks before the examination. Finally, Plaintiffs insisted that they be permitted to have a nurse in attendance during the examination, who would make an audio recording of the examination (Id.). Defendant agrees to the first two conditions but opposes the attendance of a nurse for purposes of recording the examination (DN 15 PageID # 56).

Defendant contends that courts have disapproved of the presence of a third-party during the examination for purposes of recording as a potential distraction or influence on the examination (DN 15) (citing Mitchell v. Home Depot U.S.A., Inc., No. 3:11-CV-332, 2012 U.S. Dist. LEXIS 55132 (W.D. Ky. Apr. 19, 2012); Morrison v. Stephenson, 244 F.R.D. 405 (S.D. Ohio 2007); Metro. Prop. & Cas. Ins. Co. v. Overstreet, 103 S.W.3d 31 (Ky. 2003)). With regard to Overstreet, the Defendant notes that it sets forth considerations for whether an independent examination should be recorded. These include evidence of past physical abuse of examinees by the examiner, evidence of past misrepresentations by the examiner, evidence that the examiner has financial incentives to consider the examinee an adversary, and whether the examiner's testimony is almost always slanted against the examinee (DN 15 PageID # 54) (quoting Overstreet, 103 S.W.3d at 40). Defendant further notes that the state court test set forth in Overstreet was utilized by the Eastern District of Kentucky in Workman v. Figueroa, No. 07-35-HRW, 2008 U.S. Dist. LEXIS 145393 (E.D. Ky. Mar. 11, 2008) (Id. at PageID # 52). As to the present case, Defendant contends that Plaintiff has not substantiated any of those factors.

Plaintiff responds with an observation that Overstreet is a state court decision and Workman is a decision out of the Eastern District of Kentucky and "has no legal precedential value" (DN 16 PageID # 74). To the substance of the Overstreet factors, Plaintiff argues that "[a]lmost all defense medical examiners meet sub-element c because all are being paid by an

insurance carrier, who has sent and will send more injured people for defense medical exams and therefore the defense medical examiner has a strong financial incentive not to endanger a continued stream of income into the future of doing these lucrative defense medical examinations" (Id. at PageID # 74-75). Plaintiff goes on to contend that the presence of a nurse during an examination would not be an unusual factor and a recording will enable Plaintiff to rebut any inaccuracies in the examination report.

## Discussion

Fed. R. Civ. P. 35 provides that, on motion and for good cause, a court may order a party whose mental or physical condition is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. Consequently, the two threshold questions associated with a request for a Rule 35 examination are whether the requesting party has demonstrated that the Plaintiff's physical condition is "in controversy" and whether "good cause" exists for the examination. Generally speaking, where a plaintiff in a negligence case asserts a mental or physical injury, the plaintiff's alleged injury is in controversy and provides a defendant with good cause to determine the existence and extent of such injury. Mitchell, 2012 U.S. Dist. LEXIS 55132, at *6-7 (quoting Schlagenhauf v. Holder, 379 U.S. 104, 119 (1964)). Here, Plaintiffs do not dispute that good cause exists for his submission to an examination or that the proposed examiner is suitably licensed or certified. The only point of contention is whether the Plaintiffs are entitled to have their own nurse present to make a recording of the examination.

In Overstreet the Kentucky Supreme Court held that a trial court could impose an external presence at an IME only upon a showing of "good cause" by the examinee. 103 S.W.3d at 38. In arriving at this conclusion, the Court noted that "[f]ederal courts generally have adopted the philosophy that such an examination should be objective and scientific. Accordingly, they have

been wary of any external presence that has the potential to insert the adversary process into the examination room." Id. at 37. While decisions of Kentucky's state courts can be instructive, and the Eastern District endorsed the Overstreet approach in Workman, this action is pending in federal court, subject to the federal rules. Federal cases interpreting those rules, particularly those from this judicial district or the Sixth Circuit, take precedence. To that end, the undersigned looks again to Mitchell:

> Additionally, the Court will not allow Mrs. Mitchell's husband to be present at the Rule 35 examination and will not allow the examination to be videotaped. Plaintiffs have presented no exceptional circumstances that the presence of her husband or a recording device is necessary. *See* Holland, 182 F.R.D. at 495. The majority of federal courts have rejected the notion that a third party should be allowed at a Rule 35 examination, even indirectly through a recording device. Id. A recording device would constitute a distraction and would lend a degree of artificiality to the examination. *See* Romano v. II Morrow, Inc., 173 F.R.D. 271 (D. Or. 1997) and Tomlin v. Holecek, 150 F.R.D. 628 (D. Minn. 1993). Additionally, the presence of her husband and a videographer or a recording device could influence Mrs. Mitchell, even unconsciously, to exaggerate or diminish her reactions to the physical examination. *See* Holland, 182 F.R.D. at 495.

2012 U.S. Dist. LEXIS 55132, at *10; *see also* Parks v. Vincent, No. 5:14-CV-19-TBR-LLK, 2015 U.S. Dist. LEXIS 44462, at *8-10 (W.D. Ky. April 6, 2015) (finding plaintiff must demonstrate special circumstances to merit the presence of a third-party during examination.); French v. Clarksville Stave & Lumber Co., No. 11-386-DLB-CJS, 2013 U.S. Dist. LEXIS 202206, at *7-8 (E.D. Ky. Jan. 22, 2013) (rejecting the argument that the plaintiff should be permitted to video record an IME because plaintiff provided no evidence that examiner would treat her unfairly, other than speculation. "Plaintiff has no right under Rule 35 or binding precedent to record the examination, and the Court finds that the instant situation presents no special circumstances to warrant recording the examination."); Carneal v. Crews, No. 5:09-CV-32-R, 2010 U.S. Dist. LEXIS 94784, at *5 (W.D. Ky. Sept. 10, 2010) ("[M]ost federal courts do not routinely permit video or audio recording to be incorporated into mental examinations" under Rule 35.).

4

Plaintiffs' generalized claim that most defense medical examiners have a financial motivation to act unprofessionally is backed by nothing more than their *ipse dixit*. They provide no specific information or evidence regarding Dr. Kaminsky suggesting he would be biased in his examination or misconstrue any information provided by Mr. Kirollos. Plaintiffs' contention that by recording the examination they can avoid any future dispute about the examination process is simply speculation and does not rise to the level of a "special circumstance" justifying intrusion on "the equal footing Rule 35 seeks to create." Parks, 2015 U.S. Dist. LEXIS 44462, at *10.

While it is true that English is not the Plaintiff's first language and an interpreter will be present in the room, the interpreter is a neutral party, will not be present for the purpose of observing the examination on Plaintiffs' behalf, and will not be making a record of the examination. Consequently, the presence of an interpreter has no impact on whether an additional person in the room would be problematic.

In sum, Plaintiffs have failed to demonstrate special circumstances meriting the presence of a nurse to record the examination.

**WHEREFORE** Defendant's motion to compel Plaintiff Atef M. Attalla Kirollos to attend a medical examination pursuant to Fed. R. Civ. P. 35, (DN 15), is **GRANTED**. The Plaintiffs are not permitted to have a third-party present for the purposes of observing or recording the examination.

August 4, 2023

H. Brent Brennenstuhl
United States Magistrate Judge

Copies to:   Counsel of Record